UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:22-00077

BRADLEY CAMPBELL

PROBATION REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER

On June 7, 2023, the United States of America appeared by Holly J. Wilson, Assistant United States Attorney, and the defendant, Bradley Campbell, appeared in person and by his counsel, Willard Clinton Carte, Assistant Federal Public Defender, for a hearing on the petition seeking revocation of probation submitted by United States Probation Officer Amanda Brookman.  The defendant commenced a five-year term of probation in this action on August 5, 2022, as more fully set forth in the Judgment in a Criminal Case Order entered by the court on August 8, 2022.

The court heard the admissions of the defendant, and the representations and arguments of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of probation in the following respects: (1) on September 20, 2022, and September 23, 2022, the defendant submitted a urine specimen that tested positive for methamphetamine and amphetamine; (2) on January 12, 2023, the defendant admitted to using methamphetamine and marijuana within the last three days, and on that same date submitted a urine specimen that tested positive for methamphetamine and marijuana; (3) on January 19, 2023, the defendant submitted a urine specimen that tested positive for methamphetamine, amphetamine and marijuana; (4) the defendant was instructed in August 2022 to attend four random urine screens and two individual counseling sessions per month, and from August 5, 2022, to January 9, 2023, the defendant has only attended one random urine screen on September 23, 2022, and the defendant has not engaged in counseling services since August 2022; (5) on January 24, 2023, the defendant entered the residential substance abuse treatment program at St. Joseph Recovery Center in Parkersburg, West Virginia, as directed by the Probation Officer, and on January 27, 2023, he was discharged from the program because he left the program against medical advice and without approval of

2

the Probation Officer; (6) on March 9, 2023, the defendant was
instructed to attend weekly office visits to the United States
Probation Office for urine screenings and to enroll in
individual substance abuse counseling sessions, and on
March 17th, March 20th and March 24, 2023, the defendant failed to
submit to urine screenings as directed by the Probation Officer,
and has failed to schedule or attend any individual counseling
sessions; and (7) the defendant has failed to make any monthly
restitution payments as set forth in the Judgment Order; all as
admitted by the defendant on the record of the hearing, all as
set forth in the petition seeking revocation of probation, and
by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the
record of the hearing, that the violations warrant revocation of
probation and, further, that it would unduly depreciate the
seriousness of the violations if probation were not revoked, it
is ORDERED that the probation previously imposed upon the
defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of
Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal
Procedure, and finding, after considering the factors set forth
in 18 U.S.C. § 3553, that the defendant should be confined to

3

the extent set forth below, it is accordingly ORDERED that the
defendant be, and he hereby is, committed to the custody of the
United States Bureau of Prisons for imprisonment for a period of
THREE (3) MONTHS, to be followed by a THREE (3) year term of
supervised release upon the same terms and conditions the
defendant was subject to while on probation, which terms and
conditions are set forth in the August 8, 2022, Judgment Order,
and the further special condition that, immediately upon his
release from imprisonment, the defendant will be transported by
either Amanda Campbell or Amelia Campbell to and participate in
and successfully complete a 9-to-12 month residential treatment
program such as Recovery U or Recovery Point to be determined by
the Probation Officer.  It is further ORDERED that the
restitution amount of $4,053.00 is reimposed and due
immediately, jointly and severally with Danny Griffy, and
additionally with the same terms and conditions set forth in the
August 8, 2022, Judgment in a Criminal Case Order, except the
$75.00 monthly payment is now due on the first day of each month
following the defendant's first month of supervised release.
The court finds the above sentence sufficient but not greater
than necessary to meet the goals of sentencing.

4

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  June 12, 2023

John T. Copenhaver, Jr.
Senior United States District Judge